IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RON GLICK,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>ANGELA J. TOWNSEND, ANDREW WIES, THE FORLORNED LLC, GOOD OUTLAW STUDIOS, CLEAN TEEN PUBLISHING, INC., and DOES ONE THROUGH TWENTY,<br><br>　　　　　Defendants. | CV 15-21-M-DLC-JCL<br><br>ORDER, and FINDINGS AND RECOMMENDATION |

**I.　INTRODUCTION**

On March 4, 2015, Plaintiff Ron Glick, appearing pro se, lodged a civil complaint and filed a motion requesting leave to proceed in forma pauperis. Glick submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Because it appears he lacks sufficient funds to prosecute this action IT IS HEREBY ORDERED that Glick's motion is GRANTED. This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file Glick's lodged Complaint as of the filing date of his request to proceed in forma pauperis.

1

The federal statute under which leave to proceed in forma pauperis is permitted — 28 U.S.C. § 1915 — also requires the Court to conduct a preliminary screening of the allegations set forth in the litigant's pleading. The applicable provisions of section 1915(e)(2) state as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
>     (A) the allegation of poverty is untrue; or
>
>     (B) the action or appeal–
>
>         (i) is frivolous or malicious;
>
>         (ii) fails to state a claim on which relief may be granted; or
>
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The Court will proceed to review Glick's pleading to consider whether this action can survive dismissal under the provisions of section 1915(e)(2), or any other provision of law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II. BACKGROUND

Glick commenced this action alleging Defendants have infringed upon

trademark rights he owns with respect to the book title "The Forlorned." In 2013, Defendant Angela Townsend asked Glick to assist her in various ways to re-write and re-brand a novel that Townsend had previously written entitled "Fears of a Fisherman." Glick created the title "The Forlorned" and granted Townsend permission to use that title in the recreation of her novel. Townsend then made plans to create a movie adaptation of her novel, and to use the title "The Forlorned" in connection with her new book and movie. Glick complains that Townsend and Defendants have failed to credit him with creation of the book title, have expanded their use of the title beyond the permission Glick granted to Townsend and, therefore, have infringed upon his trademark ownership rights to the title he created.

Glick invokes the Court's federal subject matter jurisdiction under 28 U.S.C. § 1331. He asserts jurisdiction for his claims is predicated upon provisions of federal trademark law under the Lanham Act at 15 U.S.C. §§ 1116 and 1125. Although not expressly stated by Glick, his allegations can also be liberally construed to assert claims for relief cognizable under Montana law over which the Court could exercise supplemental jurisdiction as provided in 28 U.S.C. 1367(a).

## III. DISCUSSION

Because Glick is proceeding pro se the Court must construe his pleading

3

liberally, and the pleading, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Nonetheless, pro se litigants are "bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

### A. Motion to Change Venue

As a preliminary matter, Glick moves the Court to change venue for this action – to transfer this case to a district court other than the District of Montana under authority of 28 U.S.C. § 1404(a). In support of his motion Glick references his prior litigation in this Court – *Glick v. Edwards*, CV 11-168-M-DWM-JCL – in which he named as Defendants United States District Judge Donald W. Molloy, United States Magistrate Judge Keith Strong, and the undersigned United States Magistrate Judge Jeremiah C. Lynch alleging the three Judges improperly ruled against him in other prior civil actions that Glick had prosecuted in the District of Montana.

In *Glick v. Edwards*, the Court concluded the three Judges were entitled to judicial immunity with respect to Glick's claims, and that Judges Molloy and Lynch were not subject to disqualification or recusal from *Glick v. Edwards* under the provisions of 28 U.S.C. § 455(b)(5)(i). *Glick v. Edwards*, January 26, 2012

4

Order, and Findings and Recommendation (Doc. 3), and April 5, 2012 Order (Doc. 15). Following a jury trial in *Glick v. Edwards*, judgment was entered in favor of Defendant Dave Edwards and against Glick. Glick appealed the judgment to the Ninth Circuit. Therefore, in his motion to change venue Glick alleges Judges Molloy and Lynch have conflicts of interest which prevent them from presiding over this action, and that this action should be transferred to another District which does not have the asserted conflicts of interest. The Court disagrees.

A district court has discretion to transfer a case to another district under the provisions of 28 U.S.C. § 1404(a). But those provisions require that the transfer be for the convenience of the parities and witnesses, and that the district to which a case is transferred must be one in which the action could have been brought originally, or one to which all parties have consented. 28 U.S.C. § 1404(a).

Glick has not satisfied the conditions required for transferring this case under section 1404(a). He has not identified issues of convenience, and he has not identified any other district court in which this action could have been filed. Instead, Glick's grounds for transfer are the same grounds for disqualification or recusal that were at issue in *Glick v. Edwards* which the Court rejected in that case. Therefore, Glick's motion to change venue is unsupported in both fact and law, and is DENIED.

### B. Trademark Claims

Glick advances his trademark claims against Defendants predicated upon his asserted ownership in the title "The Forlorned." Glick asserts he possesses trademark rights to the title, and that Defendant's use of the title without his permission infringes upon his trademark rights in violation of the federal Lanham Act. Thus, he brings this trademark infringement action under authority of 15 U.S.C. § 1116, and other Lanham Act statutory provisions permitting recovery for violations of trademark rights.

To succeed on a valid trademark infringement claim, the plaintiff must allege facts to show that (1) the plaintiff has a protectable ownership interest in the trademark, and (2) the defendant's use of the trademark is likely to cause consumer confusion, thereby infringing upon the plaintiff's trademark rights. *Airs Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Management, Inc.*, 744 F.3d 595, 599 (9th Cir. 2014). A protectable interest in a common law trademark right requires the plaintiff to plead facts demonstrating "not only that he or she used the mark before the mark was registered, but also that such use has continued to the present." *Id*. (quoting *Watec Co., Ltd. v. Liu*, 403 F.3d 645, 654 (9th Cir. 2005). "Use" of a trademark requires that the plaintiff must have been the first to continuously use the trademark "in commerce" – to "actually use the mark in

6

[connection with] the sale of goods or services." *Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1203 (9th Cir. 2012). *Hana Financial, Inc. v. Hana Bank*, 735 F.3d 1158, 1163 (9th Cir. 2013). *See Airs Aromatics, LLC*, 744 F.3d at 600 (requiring that factual allegations must show "continuous usage").[1]

Glick's allegations do not plead facts sufficient to demonstrate he has a protectable ownership interest in his alleged trademark. Glick states that Angela Townsend approached in him July 2013 asking him to create a new title for a novel she had written. (Doc. 2 at ¶¶ 10-11.) In response to Townsend's request, Glick purportedly created the title "The Forlorned" around the end of July 2013 for Townsend to use on her novel. (Doc. 2 at ¶ 12.) Glick states that, at Townsend's request, he modified the PDF computer file that contained Townsend's "cover art" to a format which she could edit. The new cover art apparently included the title "The Forlorned", and was obtained by Townsend on or about August 6, 2013. Glick posted a copy of Townsend's cover art on his internet blog in August 2013. Therefore, Glick asserts that these actions on his part constituted his first commercial use of the alleged trademark.

---

[1] Trademarks or service marks are used only in connection with the sale of goods or services. *See* 15 U.S.C. § 1127 (defining "trademark" and "service mark"). And trademark rights may be registered only with respect to a mark used "in commerce on or in connection with the *goods or services* specified in the registration[.]" 15 U.S.C. § 1115(a) (emphasis added).

Critically, Glick does not allege that he ever actually used the trademark – "The Forlorned" – in connection with his sale of goods or services in commerce. "[T]he *party* claiming ownership [in the trademark] must have been the first to actually use the mark in the sale of goods or services." *Rearden LLC*, 683 F.3d at 1203 (emphasis added). Rather, he merely created a title for Townsend to use on her novel. Having failed to allege facts demonstrating Glick actually and continuously used his alleged trademark in connection with the sale of goods or services in commerce, his pleading is subject to dismissal for failure to state a claim for trademark infringement upon which relief can be granted. *See Airs Aromatics, LLC*, 744 F.3d at 600.

### C. Supplemental Jurisdiction Over Glick's State Law Claims

Based on the foregoing, the Court concludes that Glick's federal trademark claims over which the Court possess original jurisdiction should be dismissed. Therefore, the Court must consider whether it should exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over any other claims Glick advances under Montana law.

Section 1367 provides that where a district court has original jurisdiction in a civil action it shall also have supplemental jurisdiction over other claims "that are so related to claims in the action within such original jurisdiction that they

form part of the same case or controversy[.]" 28 U.S.C. § 1367(a). However, the district court may decline to exercise supplemental jurisdiction for various reasons stated in the statute, including when "the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). Supplemental jurisdiction under 28 U.S.C. § 1367(a) is discretionary, and courts may decline to exercise jurisdiction over supplemental state law claims "[d]epending on a host of factors including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173 (1997).

Because the Court recommends dismissing Glick's federal claims, it is further recommended that the District Court decline to exercise supplemental jurisdiction over Glick's state law claims pursuant to 28 U.S.C. § 1367(c)(3). Any claims Glick may have under Montana law are matters of state and local concern, and are more properly addressed in the courts of the State of Montana.

### D. Dismissal Without Leave to Amend

Although a district court should ordinarily grant a pro se plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations, *Doe v. United States*, 58 F.3d 494, 497 (9th Cir.1995), "[d]ismissal without leave

9

amend is proper if it is clear that the complaint could not be saved by amendment," *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008). A pro se action is subject to dismissal without leave to amend if the court finds that any attempted amendment would be futile. *Rouse v. United States Department of State*, 567 F.3d 408, 418-19 (9th Cir. 2009).

Here, Glick's allegations in support of his trademark infringement claim establish he has not actually used his alleged trademark in the sale of goods or services in commerce. His allegations establish that he has only created a title for a book which he permitted the author to use, but the book has not been published. Consequently, the Court concludes any amended allegations would be futile and, therefore, this action should be dismissed with prejudice.

## IV. CONCLUSION

Based on the forgoing, IT IS ORDERED Glick's motion to proceed in forma pauperis is GRANTED, and the Clerk of Court shall file Glick's lodged complaint.

IT IS FURTHER ORDERED that Glick's motion to change venue is DENIED.

IT IS FURTHER RECOMMENDED that Glick's complaint be DISMISSED with prejudice for failure to state a federal claim for trademark

infringement, and the Court should decline to exercise supplemental jurisdiction over any claims Glick may have under Montana law. Those claims should be DISMISSED without prejudice.

DATED this 20th day of March, 2015.

_Jeremiah C. Lynch_
Jeremiah C. Lynch
United States Magistrate Judge