IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RON GLICK,<br><br>Plaintiff,<br><br>vs.<br><br>ANGELA J. TOWNSEND, ANDREW WIES, THE FORLORNED LLC, GOOD OUTLAW STUDIOS, CLEAN TEEN PUBLISHING, INC., and DOES ONE THROUGH TWENTY,<br><br>Defendants. | CV 15-21-M-DLC-JCL<br><br>ORDER |

This matter is before the Court on Plaintiff Ron Glick's motion requesting that I recuse myself from presiding over this case. Glick perceives that I harbor a personal bias or prejudice against him.

In support of his motion Glick relies upon my ruling on his motion for contempt filed in this case. In that motion Glick represented to the Court that Defendant Angela Townsend filed a civil action against him in state district court regarding the same subject matter as presented in this action. Glick argued that Townsend filed her state court action in an attempt to improperly establish concurrent jurisdiction in the state court, to bypass the authority of this Court, and to interfere with Glick's prosecution of this action in federal court. Thus, Glick

1

requested the Court hold Townsend in contempt for her conduct, and order that the state court action be stayed pending resolution of this action.

By Order entered April 10, 2015, I denied Glick's motion for contempt on the ground that there exists no basis in law or fact for the relief Glick requested in his motion. The law simply does not absolutely prohibit a party from filing a related case in another court.

Because he disagrees with my ruling on his motion for contempt he demands that I recuse myself. Glick believes my ruling reflects that I have administered justice "with an evil eye and unequal hand[.]" He suggests my order is intentionally discriminatory against him, and is consistent with rulings issued in his prior litigation in this Court – *Glick v. Edwards*, CV 11-168-M-DWM-JCL – that were adverse to him and, in his view, allegedly discriminatory against him. But as discussed below, rulings which are based on the facts of a case and the applicable law, but which happen to be adverse to a party, are not grounds for recusal.

A judge's obligation to recuse him or herself, when applicable, is governed by 28 U.S.C. § 455. *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993). It provides in relevant part as follows:

(a) Any justice, judge, or magistrate judge of the United States shall

> disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]

28 U.S.C. § 455(a) and (b).

Section 455(a) requires disqualification for the appearance of partiality, and section 455(b)(1), in contrast, requires disqualification if a judge has a personal bias or prejudice for or against a party. *See Hasbrouck v. Texaco, Inc.*, 842 F.2d 1034, 1045-46 (9th Cir. 1987). As such, section 455(b)(1) "simply provides a specific example of a situation in which a judge's 'impartiality might reasonably be questioned' pursuant to section 455(a)." *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980) (citing *United States v. Olander*, 584 F.2d 876, 882 (9th Cir. 1978)).

What matters under section 455(a) "is not the reality of bias or prejudice but its appearance[,]" and the test for disqualification under section 455(a) is an objective one. *Liteky v. United States*, 510 U.S. 540, 548 (1994). Disqualification is warranted if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United*

*States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (quotation omitted). Under this objective standard, the "reasonable person" is not "hypersensitive or unduly suspicious," and "is not a 'partly informed man-in-the-street[.]'" *Id.*, 519 F.3d at 913-14. Rather, the reasonable person is a "well-informed, thoughtful observer[,]" and is "someone who 'understand[s] all the relevant facts' and has examined the record and law." *Id.* (quotation omitted).

The Supreme Court has concluded that the "extrajudicial source" doctrine applies to the analysis under section 455(a). *Liteky*, 510 U.S. at 554. The doctrine requires that the basis for disqualification generally must be "something other than rulings, opinions formed or statements made by the judge during the course of trial." *Holland*, 519 F.3d at 913-14. Stated differently, a judge's alleged bias, prejudice, or partiality must be based on knowledge derived from a source outside of any judicial proceedings — some factor other than what the judge learned from his participation in the case. *Liteky*, 510 U.S. at 554; *United States v. Briggs*, 2007 WL 1364682, *2 (D. Idaho 2007) (citing *United States v. Azhocar*, 581 F.2d 735, 739 (9th Cir. 1978)). Ultimately, the analysis under section 455(a) requires a fact-driven, case-by-case consideration of the circumstances of each case. *Holland*, 519 F.3d at 913.

As a consequence of the "extrajudicial source" doctrine, generally "judicial

rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. "[O]nly in the rarest circumstances" will judicial rulings "evidence the degree of favoritism or antagonism required [...] when no extrajudicial source is involved." *Id*. Judicial rulings generally only provide a basis for an appeal, not a basis for disqualification. *Id*.

The Court in *Liteky* also made clear that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. Absent any extrajudicial source, a judge's "favorable or unfavorable predisposition" will be characterized as bias or prejudice only if "it is so extreme as to display clear inability to render fair judgment." *Id*., 510 U.S. at 551.

In considering disqualification motions, "judges are not to recuse themselves lightly[,]" and should participate in cases assigned if there is no legitimate reason for disqualification. *United States v. Sierra Pacific Industries*, 759 F. Supp. 2d 1198, 1205 (E.D. Cal. 2010) (quoting *United States v. Snyder*, 235 F.3d 42, 45 (1st Cir. 2000)); *Holland*, 519 F.3d at 912. In other words, judges "must not simply recuse out of an abundance of caution when the facts do not

5

warrant recusal. Rather, there is an equally compelling obligation not to recuse where recusal is not appropriate." *Sierra Pacific Industries*, 2010 WL 4777842 at *2 (citing *Holland*, 519 F.3d at 912).

As noted, the sole ground Glick identifies for my recusal is the legal rulings I have issued in this case, and in his prior case. Glick has not identified any extrajudicial source as the basis for my rulings, and no such source exists. My rulings are based on the facts of this case and the applicable law. Under the circumstances, that the law and facts do not support rulings in Glick's favor does not qualify as a basis for my recusal.

Simply put, Glick has not established any legitimate basis for my disqualification under either section 455(a) or (b). He has failed to meet the objective standard for disqualification, and he has failed to demonstrate, from a reasonable person's perspective, that my impartiality can reasonably be questioned under the circumstances of either this case or Glick's prior litigation. I am confident that a reasonable person who understands all of the relevant facts and has examined the record in both cases would have no reason to conclude that my impartiality towards Glick might reasonably be questioned.

To find that grounds for disqualification exist under the circumstances as presented by Glick would be to encourage the misuse of 28 U.S.C. § 455. I have

6

an obligation to not disqualify myself under these circumstances. *See e.g.*, *Hinman v. Rogers,* 831 F.2d 937, 939 (10th Cir. 1987) (explaining that "[a] judge should not recuse himself on unsupported, irrational, or highly tenuous speculation"); *In re Yellowstone Mountain Club, LLC*, 2011 WL 766979, *5 (Bkrtcy. D. Mont. 2011) (recognizing that a judge has a "corresponding obligation to not recuse and to serve on assigned cases when no reason to recuse exists").

Because Glick has not established any basis for my disqualification under section 455, IT IS ORDERED that his motion for recusal is DENIED.

DATED this 20th day of May, 2015.

_____
Jeremiah C. Lynch
United States Magistrate Judge