IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| RON GLICK, | CV 15–21–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| ANGELA J. TOWNSEND, ANDREW WIES, THE FORLORNED LLC, GOOD OUTLAW STUDIOS, CLEAN TEEN PUBLISHING, INC., and DOES ONE THROUGH TWENTY, | |
| Defendants. | |

United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendation on March 20, 2015 recommending that Glick's Complaint be dismissed. Glick objected to the Findings and Recommendation on March 25, 2015, and is entitled to *de novo* review of the record. 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). For the reasons listed below, the Court adopts Judge Lynch's Findings and Recommendation in full.

Glick filed this action alleging that Defendants infringed on his trademark rights to the book title "The Forlorned." Glick assisted Defendant Townsend in

-1-

her re-write and re-brand of a novel, including creation of the title "The Forlorned." Glick alleges that Defendants have not credited him with creation of the book title and have expanded use of the title beyond the permission Glick granted to Defendant Townsend.

Glick first objects that Judge Lynch's review of his pleading pursuant to 29 U.S.C. § 1915(e)(2) is unlawful and unconstitutional, asserting that it only applies to complaints brought by prisoners. Judge Lynch granted Glick's motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The language of section 1915(e) states that the Court "shall dismiss the case at any time" if it finds that the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." This review is not discretionary and does not apply solely to prisoners. Judge Lynch was correct to review Glick's pleading to consider whether it could survive dismissal under the provisions of section 1915(e)(2), or any other provision of law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

Glick also objects to Judge Lynch's Order denying his motion to change venue. To the extent his objection serves as a motion to reconsider, the Court denies such a motion. Glick argues that his ongoing appeal in *Glick v. Edwards*,

CV 11-168-M-DWM-JCL creates a conflict of interest preventing Judge Lynch form presiding over this action and requiring a transfer pursuant to 28 U.S.C. § 1404. However, under section 1404, a transfer must be for the convenience of the parties and witnesses, and the district to which a case is transferred must be one in which the action could have been brought originally, or one to which all parties have consented. Glick has failed to show these conditions required for transfer under section 1404(a) and his motion to change venue is denied.

Glick next objects to Judge Lynch's recitation of the facts in this case. Glick objects that Judge Lynch's recitation suggests that Glick restored an image file for Defendant Townsend that already had the title "The Forlorned." Glick states that in his Complaint, the facts read that he first restored a file containing the title "Fears of a Fisherman" to an editable format and then created the title "The Forlorned." However, in reading Judge Lynch's recitation of the facts, the Court finds that Judge Lynch accurately stated the facts as contained in the Complaint. Further, Glick has not shown, neither in his Complaint nor in his objections, that he ever used the trademark in connection with his sale of goods or services in commerce. Thus, his pleading is subject to dismissal for failure to state a claim for trademark infringement upon which relief can be granted. *See Airs Aromatics, LLC, v. Opinion Victoria's Secret Stores Brand Management, Inc.*, 744

F.3d 595, 600 (9th Cir. 2014); *Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1203 (9th Cir. 2012).

Glick further objects to Judge Lynch's recommendation that the Court decline to take supplemental jurisdiction over his state claims, again arguing that Judge Lynch relied on a false sequence of events. As stated above, Judge Lynch's recitation of the facts is consistent with Glick's Complaint. Because the Court finds that Glick has failed to state a claim upon which relief can be granted, the Court declines to exercise supplemental jurisdiction over any remaining state law claims. 28 U.S.C. § 1367(c)(3); *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173 (1997).

The Court finds that Glick's allegations do not show that he actually used his alleged trademark in the sale of goods or services in commerce. Glick shows only that he created a title for a book, which he permitted the author to use, and that the book has not been published. Any amended allegations would be futile.

There being no clear error in Judge Lynch's remaining Findings and Recommendation,

IT IS ORDERED that Judge Lynch's Findings and Recommendation (Doc. 6) are ADOPTED IN FULL. Glick's Complaint (Doc. 2) is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the Court declines to exercise supplemental jurisdiction over any claims Plaintiff may have under Montana law and those claims are DISMISSED WITHOUT PREJUDICE.

DATED this 29th day of June, 2016.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court